# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOME BUYERS WARRANTY CORPORATION, a Colorado corporation; and NATIONAL HOME INSURANCE COMPANY (A RISK RETENTION GROUP), a Colorado corporation, | : C. A. No. : : : : : |
| Petitioners, | : : |
| v. | : : |
| BPG RESIDENTIAL PARTNERS, IV, LLC, a Delaware limited liability company; and BPGS CONSTRUCTION, LLC, a Delaware limited liability company, | : : : : : : |
| Respondents. | |

*Petition to compel arbitration and stay an action*
*<u>pending in the Superior Court of the State of Delaware</u>*


Robert K. Beste III (3931)
Smith, Katzenstein & Jenkins LLP
1000 West Street, Suite 1501
Wilmington, Delaware 19801
(302) 652-8400
rkb@skjlaw.com

*Attorneys for Home Buyers Warranty Corporation and National Home Insurance Company (A Risk Retention Group)*

December 20, 2017

Petitioners, Home Buyers Warranty Corporation ("HBW") and National Home Insurance Company (A Risk Retention Group) ("NHIC"), request an order compelling respondents, BPG Residential Partners IV, LLC ("BPGR") and BPGS Construction, LLC ("BPGS"), to arbitrate indemnity and contribution claims which respondents have pleaded against petitioners in a separate action pending in the Superior Court of the State of Delaware, *Jones v. BPG Residential Partners IV, LLC, et al.*, civil action number N15C-10-131 (hereinafter "Superior Court action"). Petitioners further request a stay of the Superior Court action as it relates to the indemnity and contribution controversy between petitioners and respondents.

*Parties*

1. HBW is incorporated in Colorado and maintains its principal place of business in Denver, Colorado. It is authorized to and regularly transact business in Delaware. It is the creator and administrator of the nationwide 2-10 HBW New Home Warranty Program, defined below. Homes enrolled in this program by builders participating in the HBW Program are provided warranty coverage against certain types of construction defects.

2. At all relevant times, NHIC was a Risk Retention Group organized pursuant to the Federal Liability Risk Retention Act, 15 U.S.C. §§ 3901-3906 ("RRA"). It is incorporated in Colorado and maintains its principal place of business in Denver, Colorado. It is authorized to and regularly transacts business in

1

Delaware. NHIC operates pursuant to the RRA and is the warranty insurer selected by HBW to insure the warranty liability of builders who issue HBW Warranties in Delaware.

3. BPGS is a Delaware limited liability company. It maintains its principal place of business in Delaware and, on information and belief, is comprised of members who are citizens and residents of Delaware or its neighboring states or district. BPGS transacts business in Delaware as a builder of new homes.

4. BPG Residential Partners IV, LLC ("BPGR") is a Delaware limited liability company. It maintains its principal place of business in Delaware and, on information and belief, is comprised of members who are citizens and residents of Delaware or its neighboring states or district. BPGR transacts business in Delaware as a real estate developer.

*Jurisdiction and venue*

5. Petitioners and respondents are of diverse citizenship relative to each other. Further, the amount in controversy, as reflected in the documents filed with this petition (exhibits one through thirteen), exceeds $75,000 exclusive of interest and costs. Accordingly, the Court has subject matter jurisdiction under 28 U.S.C. § 1332.

6. Petitioners request an order compelling respondents to arbitrate their claims against petitioners at a locale within this Court's jurisdiction. Accordingly, the Court is the proper venue for this matter.

*General allegations*

7. BPGS participates in the nationwide new home warranty program administered by HBW from Denver, Colorado ("HBW Program"). Exhibit 1 is a copy of an October 31, 2005 contract titled "Limited Workmanship/Systems and Structural Coverage Business Proposal and Agreement" ("BPA") signed by BPGS, HBW, and NHIC concerning BPGS' participation in HBW's warranty program.

8. New homes enrolled in the HBW Program are issued, concurrently with the initial sale closing, a limited warranty against certain construction defects. Exhibit 2 herein is a sample HBW limited warranty, HBW 307 12/15/2004 ("HBW Warranty").

9. The HBW Warranty provides, among other things, that a home extended an HBW Warranty will be free of "Structural Defects" for a term of ten years. The HBW Warranty refers to builders like BPGS as the "warrantor" of the HBW Warranty. Provided certain warranty conditions are met, then certain aspects of a builder's contractual liability under the HBW Warranty are insured by NHIC.

10. The BPA states in relevant part:

Any and all claims, disputes and controversies by or between the homeowner, the Builder, the Warranty Insurer [NHIC] and/or HBW, or any combination of the foregoing, arising from or related to this Warranty, to the subject Home, to any defect in or to the subject Home or the real property on which the subject Home is situated, or the sale of the subject Home by the Builder, including without limitation, any claim of breach of contract, negligent or intentional misrepresentation or nondisclosure in the inducement, execution or performance of any contract, including this arbitration agreement, and breach of any alleged duty of good faith and fair dealing, shall be settled by binding arbitration. Agreeing to arbitration means you are waiving your right to a jury trial.

The arbitration shall be conducted by the American Arbitration Association pursuant to its Construction Industry Arbitration Rules and Mediation in effect at the time of the Effective Date of Warranty; or by Construction Arbitration Services, Inc., pursuant to its applicable rules in effect at the time of the Effective Date of Warranty; or by DeMars & Associates, Ltd., pursuant to its applicable rules in effect at the time of the Effective Date of Warranty. The choice of arbitration service shall be that of the homeowner if the homeowner is a claimant. If the homeowner is not a claimant, the choice of arbitration service shall be that of the Builder. Any dispute concerning the choice of an arbitration service shall be submitted to a court of competent jurisdiction, which shall have authority to enforce this paragraph.

This arbitration agreement shall inure to the benefit of, and be enforceable by, the Builder's subcontractors, agents, vendors, suppliers, design professionals, insurers and any other person alleged to be responsible for any defect in or to the subject Home or the real property on which the subject Home is situated. Any party shall be entitled to recover reasonable attorney's fees and costs incurred in enforcing this arbitration agreement. The decision of the arbitrator shall be final and binding and may be entered as a judgment in any State or Federal court of competent jurisdiction.

This arbitration agreement shall be deemed to be a self-executing arbitration agreement. Any disputes concerning the interpretation or the enforceability of this arbitration agreement, including without limitation, its revocability or voidability for any cause, the

scope of arbitrable issues, and any defense based upon waiver, estoppel or laches, shall be decided by the arbitrator.

*   *   *   *   *

The arbitrator shall possess sufficient knowledge in the residential construction industry as determined by the arbitration service. The arbitration hearing shall occur whenever possible in the home which is the subject of the arbitration.

All administrative fees of the arbitration service and fees of the arbitrator shall be borne equally by the parties to the arbitration, subject to the discretion of the arbitrator to reallocate such fees in the interests of justice.

The Warranty Insurer shall have the right, in advance of the arbitration proceeding, to reinspect any Home which is the subject of the arbitration proceeding if the request for arbitration was made more than sixty (60) days following the last claim decision of Warranty Insurer concerning such Home. No arbitration proceeding shall involve more than one single-family detached dwelling or more than one multifamily building.

The parties expressly agree that this Warranty and this arbitration agreement involve and concern interstate commerce and are governed by the provisions of the Federal Arbitration Act (9 U.S.C. § 1, et seq.) now in effect and as the same may from time to time be amended, to the exclusion of any different or inconsistent state or local law, ordinance or judicial rule; and to the extent that any state or local law, ordinance or judicial rule shall be inconsistent with any provision of the rules of the arbitration service under which the arbitration proceeding shall be conducted, the latter rules shall govern the conduct of the proceeding.

Ex. 1 at 2-3 (emphasis altered).

11. Jason Jones and Amanda Jones, a husband and wife, entered into a contract with BPGS whereby Mr. and Mrs. Jones agreed to purchase a townhome

5

which BPGS was constructing at 156 Christina Landing in Wilmington, Delaware (hereinafter "subject property"). A provision in the referenced purchase contract required BPGS to procure and extend to Mr. and Mrs. Jones an HBW Warranty on the subject property in return for an agreement by Mr. and Mrs. Jones to be bound by the terms of the HBW Warranty.

12. In September 2005, BPGS applied to HBW for issuance of an HBW Warranty on the subject property. Exhibit 3 is a copy of the application BPGS co-signed with Mr. and Mrs. Jones for issuance of said warranty. The application states in relevant part:

> The undersigned Builder-Member of the 2-10 HBW® New Home warranty program makes application for the enrollment of the home whose address is listed below. The Builder-Member is responsible for completion of all enrollment requirements on the home. If all enrollment requirements are not completed on the new home, this Application will be denied and no warranty will be issued. The Builder must send or have his closing agent send the original of this Application for Home Enrollment and a check for full payment to 2-10 HBW®.
>
> \* \* \* \* \*
>
> **BUYER'S ACKNOWLEDGMENT AND CONSENT**
>
> Your Builder is applying to enroll your home in the 2-10 HBW® - insured warranty program. By signing below, you acknowledge that you have read a sample copy of the Warranty Booklet, and CONSENT TO THE TERMS OF THESE DOCUMENTS INCLUDING THE BINDING ARBITRATION PROVISION contained therein. You further understand that when the warranty issued on your new home, it is an Express Limited Warranty and that all claims and liabilities are limited to and by the terms and conditions of the Express Limited Warranty as stated in the 2-10 HBW® Booklet.

6

13. Following its receipt of the referenced enrollment application, HBW issued an HBW Warranty on the subject property denominated as HBW 307 12/15/2004, Warranty Certificate No. DE015839, effective September 21, 2005 and with warranty limits of $359,900. Exhibit 4 is a copy of a Certificate of Warranty Coverage which HBW issued concerning the Jones' home ("Certificate"). The Certificate identifies NHIC as the risk retention insurer which insures BPGS' liability under the HBW Warranty. The Certificate also states that a non-sample copy of HBW 307 12/15/2004 is the operative warranty booklet issued on the subject property.

14. In or around October 2014, HBW received a Structural Defect claim under the Jones' HBW Warranty. HBW referred the claim to NHIC for investigation.

15. Mr. and Mrs. Jones contend that petitioners' response to their warranty claim has been improper, fraudulent, and in bad faith. Mr. and Mrs. Jones commenced the Superior Court action (identified *supra*) against BPGS, BPGR, petitioners, and other parties (the "Jones Complaint"). Mr. and Mrs. Jones pleaded tort and contract causes of action against BPGS and BPGR based on BPGS' alleged misrepresentations in the sale of the subject property. With respect to petitioners, the Jones Complaint sets forth breach of contract, bad faith, fraud, and statutory consumer fraud claims based on petitioners' alleged improper claims

handling and alleged wrongful withholding of benefits under the HBW Warranty. Exhibit 5 is copy of the Jones Complaint without its exhibits.

16. The identical arbitration agreement quoted in paragraph ten, above, appears at pages six and seven of the Jones' 2-10 Warranty. Accordingly, on November 30, 2015, HBW and NHIC filed a petition in this Court against Mr. and Mrs. Jones to compel them to arbitrate, based on the arbitration clause in the Jones' 2-10 Warranty, their state court claims against HBW and NHIC. That action was captioned *Home Buyers Warranty Corporation, et al. v. Jason Jones, et al.*, and is assigned a case number 1:15-mc-00324-RGA. Exhibit 6 is a copy of the petition to compel arbitration filed by HBW and NHIC in U.S. District Court Case No. 1:15-mc-00324-RGA without its exhibits.

17. On February 17, 2016, while petitioners' federal court petition to compel arbitration was being litigated, the Superior Court stayed the Jones's state court action until this Court ruled on whether the claims pleaded against HBW and NHIC in the Superior Court action would be litigated in a judicial forum or an arbitration forum.

18. On June 21, 2016, this Court adopted a report by a Magistrate Judge to grant the arbitration petition of HBW and NHIC. Exhibit 7 includes copies of the arbitration order and the Magistrate Judge's ruling. The Court stated, in part:

> [T]he Court must enforce Respondents' agreement to arbitrate claims arising under or related to the warranty. *See Rent-A-Center*, 561 U.S.

8

> at 68-27 (holding that a litigant must submit a challenge to the validity of an agreement to arbitrate to an arbitrator where the agreement to arbitrate contains a delegation provision and the litigant does not challenge the delegation provision itself). Respondents' challenges to the validity of their agreement to arbitrate are for the arbitrator to decide.
>
> * * * * *
>
> The petition and motion to compel (D.I. 1, 7) are **GRANTED**. The proceedings in *Jones v. BPG Residential Partners IV, LLC*, No. N15C-10-131 WCC CCLD (Del. Super. Ct.), are **STAYED** as between Petitioners and Respondents pending the outcome of the arbitration proceedings.

Ex. 7 at 5-6.

19. Pursuant to the Court's June 21, 2016 arbitration order, Mr. and Mrs. Jones commenced an arbitration proceeding against HBW and NHIC before the American Arbitration Association ("AAA"). In the arbitration, Mr. and Mrs. Jones asked the arbitrator to either invalidate the arbitration agreement in the 2-10 Warranty or to otherwise rule that it was not enforceable.

20. On May 10, 2017, an arbitrator ruled that the arbitration agreement in the 2-10 Warranty issued on the Jones' home required Mr. and Mrs. Jones to arbitrate all claims they had pleaded against HBW and NHIC in the Superior Court action. Exhibit 8 is a copy of the arbitrator's ruling.

21. On June 13, 2017, Mr. and Mrs. Jones filed an action in Delaware's Court of Chancery to vacate the arbitrator's ruling. Exhibit 9 is a copy of the referenced petition, without exhibits.

22. On June 16, 2017, HBW and NHIC removed the Jones' vacatur action to this Court, and the Court assigned the removed action case number 1:17-cv-00773 JFB SRF. In response to the Jones' vacatur petition, petitioners filed their own cross-petition to confirm the AAA award compelling Mr. and Mrs. Jones to arbitrate their state court claims against petitioners. Exhibit 10 is a copy of the docket sheet from that matter. Exhibit 11 is a copy of etitioners' cross-petition to confirm the AAA award against Mr. and Mrs. Jones. HBW, NHIC, and Mr. and Mrs. Jones are currently awaiting a ruling from the Court on a motion to remand that matter back to the Court of Chancery.

23. While Mr. and Mrs. Jones had been litigating issues of arbitrability in federal court, BPGS and BPGR had answered the Jones Complaint in the Superior Court action. Exhibit 12 is a copy of their answer in the Superior Court action, which includes a cross-claim against HBW and NHIC:

> 1. Defendants BPG Residential Partners IV, LLC and BPGS Construction, LLC (together, "BPGS") deny liability to Plaintiffs in any respect. However, in the event BPG Residential Partners IV, LLC and/or BPGS Construction, LLC are held liable, they/it hereby cross-claim against Co-Defendants on the grounds that the conduct of one or more of these Co-Defendants, or lack of contact, while under a duty to act, was the primary and/or contributing cause of the damages allegedly sustained by Plaintiffs, and BPG Residential Partners IV, LLC and/or BPGS Construction, LLC is entitled to indemnification from these Co-Defendants, to the extent permitted by contract and/or law.
>
> 2. BPGS also asserts a specific cross-claim against NHIC for failure to honor its warranty.

>    3.   In the event that BPG Residential Partners IV, LLC and/or BPGS Construction, LLC is held primarily liable to Plaintiffs, then the wrongful acts/omissions of the Co-Defendants are the contributing cause of Plaintiffs' alleged damages, and BPG Residential Partners IV, LLC and/or BPGS Construction, LLC is entitled to contribution from these Co-Defendants pursuant to the Delaware Uniform Contribution Among Tortfeasor's statute, 10 *Del. C.* Ch. 63, and is entitled to have the relative degree of fault prorated by the trier of fact.
>
>    **WHEREFORE**, BPG Residential Partners IV, LLC and BPGS Construction, LLC respectfully request judgment in their favor and against Co-defendants, dismissal of all claims against the BPG entities, including any Cross-claims, the award of costs and attorneys' fees, and any other relief this Honorable Court deems just and proper.

Ex. 12 at 22-23.

24.   HBW and NHIC denied respondents' claims. Exhibit 13 is a copy of the HBW's and NHIC's answer to respondents' cross-claim.

25.   With the exception of the Jones' claims against HBW and NHIC, the stay in the Superior Court action expired on October 6, 2017. The lifting of the stay applies to respondents' indemnity and contribution claims against petitioners.

26.   Petitioners requested the respondents dismiss their cross-claims in the Superior Court action, without prejudice, in light of the agreement to arbitrate such claims. Respondents refused to dismiss the cross-claims and otherwise abide by the contract at issue.

WHEREFORE, petitioners pray as follows:

A.   That the Court enter an order directing that, if respondents seek to pursue any claims against petitioners similar to those reflected in the cross-claims,

11

that they do so by arbitration in the manner provided in the BPA and 2-10 Warranty;

B. That, pursuant to 28 U.S.C. § 2283, the Court should order a stay of the *Jones v. BPG Residential Partners IV, LLC* matter pending in the Superior Court, as it relates to the cross-claims and contribution and indemnity dispute between petitioners and respondents, pending conclusion of any arbitration;

C. That the Court award petitioners their fees, including attorneys' fees, court costs, and other litigation expenses incurred in compelling respondents to arbitrate their claims against petitioners; and,

D. That the Court award petitioners such other relief as the Court deems proper.

SMITH, KATZENSTEIN & JENKINS LLP

  /s/   Robert K. Beste
Robert K. Beste III (3931)
1000 West Street, Suite 1501
Wilmington, Delaware 19801
(302) 652-8400
rkb@skjlaw.com

*Attorneys for Home Buyers Warranty Corporation and National Home Insurance Company (A Risk Retention Group)*

December 20, 2017